# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639
Tel: 212.490.3000   Fax: 212.490.3038

*Albany ●Baltimore ●Boston ●Chicago ●Dallas ●Garden City ●Houston ●Las Vegas ●London ●Los Angeles ●McLean
Miami ●Newark ●New York ●Orlando ●Philadelphia ●San Diego ●San Francisco ●Stamford ●Washington, DC ●White Plains
Affiliates: Berlin ●Cologne ●Frankfurt ●Mexico City ● Munich ●Paris*

—

www.wilsonelser.com


February 20, 2008

**BY ECF & FIRST CLASS US MAIL**

Hon. Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Adina Carter v. Bronx Lebanon Hospital
           Index No:       07CV10705
           Our File No:    08981.00023

Dear Judge Berman:

    This firm represents the defendant Bronx Lebanon Hospital in the above captioned matter. We write pursuant to your Honor's individual practices to respectfully request a pre-motion conference regarding the Hospital's proposed Rule 12 (b) (1) and (6) pre-answer motion to dismiss.

    It is respectfully submitted that pro se plaintiff's federal and state employment discrimination claims are dismissible at this juncture because: 1) plaintiff's state law claims are barred by the State Division of Human Rights' ("The Division") dismissal of her claim on the merits; and 2) plaintiff's federal claims should be dismissed because of her pleading admissions. Specifically, plaintiff concedes that she made a false time entry.

**Background**

    Plaintiff, Adina Carter, is a former Administrative Assistant in the Hospital's Department of Anesthesia who was terminated for falsifying her time records. Plaintiff attempts to claim that

her termination was the result of age, race and color discrimination because she is black and over 40. Plaintiff initially filed a charge with the Division regarding her present allegations. The Division rendered a binding decision that dismissed plaintiff's claims on the merits and specifically found that plaintiff's admission that she falsified her time records, and that that her replacement was also a member of the protected class precluded her from stating a viable discrimination claim.

Dismissal of plaintiff's claims will be sought on the following bases:

1) **Plaintiff's Age, Race and Color Claims Under the State Human Rights Law**

As a matter of well settled law, the Division's decision is binding; plaintiff's election to prosecute her State Human Rights Law age, race, and color discrimination claims before the Division acts as a bar to her proceeding in Federal Court on those same claims. *York v. Assoc. of the Bar*, 286 F.3d 122, 127 (2d Cir. 2002) ("claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court.") (*citing Moodie v. Federal Reserve Bank of New York*, 58 F.3d 879, 882 (2d Cir. 1995).); *see also* NY Exec. L. § 297 (9) ("Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights."); *Brooks v. Leake & Watts Org., Inc.*, 2005 U.S. Dist. LEXIS 16229, n.1 (S.D.N.Y. 2005)

2) **Plaintiff's Federal Age Discrimination Claim**

Plaintiff's sole federal claim, her allegation that she was discriminated against as a result of her age under the ADEA, is dismissible because she admits that she falsified her time entry. This along with the documentary evidence incorporated by reference, that the person who replaced plaintiff was a 43 year old black woman, warrant dismissal of the ADEA claim.

*Ozemebhoya v. Edison Parking Corp.*, 2007 U.S. Dist. LEXIS 66552 (S.D.N.Y. 2007) (falsifying documents constitutes a legitimate non-discriminatory reason for taking an adverse employment action); *Jasmin v. New York State DOL*, 2007 U.S. Dist. LEXIS 43898 (S.D.N.Y. 2007) (same); *Fosen v. NY Times*, 2006 U.S. Dist. LEXIS 75662 (S.D.N.Y. 2006) (no inference of discrimination where replacement was also in protected group, i.e., over 40); *Gray v. AES Greenidge, LLC*, 100 Fed. Appx. 844, 846 (2d Cir. 2004) (holding that plaintiff's conclusory allegations of age discrimination were insufficient in light of the statistical evidence presented by defendant employer which showed that the majority of persons hired were in the class protected by the age discrimination statute).

**Conclusion**

For the foregoing reasons, the Hospital respectfully requests a pre-motion conference prior to filing its Rule 12 motion to dismiss.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

/s

Celena R. Mayo

cc:   Magistrate Judge James C. Francis (By ECF and First Class U.S. Mail)

Adina Carter, Plaintiff Pro Se (By First Class U.S. Mail)
1177 Anderson Ave. # 6F
Bronx, NY 10452